UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN WOODY,

                           Petitioner,

            -against-

NEW YORK STATE D.O.C.S.,

                           Respondent.

20-CV-9504 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Petitioner, currently incarcerated at Green Haven Correctional Facility, paid the filing fee to bring this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. He challenges the constitutionality of his 2014 judgment of conviction rendered in the New York Supreme Court, New York County. The Court directs Petitioner to show cause within sixty days of the date of this order why this application should not be denied as time-barred.

## DISCUSSION

### A.    Proper Respondent

Petitioner names "New York State D.O.C.S." as Respondent to this action. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the appropriate respondent to a *habeas corpus* petition is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 450 n.18 (2004) ("§ 2254 petitioners challenging present physical custody [should] name either the warden or the chief state penal officer as a respondent.") Accordingly, the Clerk of Court shall dismiss New York State D.O.C.S, and substitute under Rule 21 of the Federal Rules of Civil Procedure, Superintendent of Green Haven Correctional Facility as Respondent.

**B.      Applicable Statute of Limitations**

Petitioner's application may be time-barred. A prisoner seeking *habeas* relief under

§ 2254 must generally file a petition within one year from the latest of four benchmark dates:

(1) when the judgment of conviction becomes final; (2) when a government-created impediment

to making such a motion is removed; (3) when the constitutional right asserted is initially

recognized by the Supreme Court, if it has been made retroactively available to cases on

collateral review; or (4) when the facts supporting the claim(s) could have been discovered

through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2). If a direct appeal is taken,

the conviction is final following the expiration of the 90-day period to petition for *certiorari* in

the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000).

Petitioner asserts that on December 20, 2014,[1] he was convicted in the New York County

Supreme Court of assault in the first degree and burglary in the first degree, and he was

sentenced to 21 and a half years of imprisonment. Petitioner appealed his conviction and the

New York Supreme Court, Appellate Division, First Department ("Appellate Division"),

affirmed the conviction on February 27, 2018, and the New York Court of Appeals – the state's

highest court – denied Petitioner leave to appeal on April 17, 2018. *See People v. Woody*, (1st

Dep't Feb. 27, 2018), *leave denied*, 31 N.Y.3d 1018 (2018). Petitioner's conviction became final

on July 17, 2018, following the expiration of the 90-day period to petition for *certiorari* in the

Supreme Court. Petitioner placed this petition in the prison mailing system on October 20, 2020,

more than two years and three months after his judgment of conviction became final.

---

[1] According to the New York Supreme Court, Appellate Division, First Department,
Petitioner's conviction was rendered on December 3, 2014. *See People v. Woody*, 158 A.D.3d
594 55 (1st Dep't Feb. 27, 2018).

Under the Antiterrorism and Effective Death Penalty Act of 1996, when postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations.[2] *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

Petitioner claims that he filed unspecified motions in the New York County Supreme Court and the Appellate Division, and that he received a decision in January 2020. Because Petitioner does not allege when he filed his motions, it is unclear whether these state-court motions tolled the limitations period.[3]

Petitioner's petition for a writ of *habeas corpus* appears to be untimely. Petitioner's one-year statute of limitations period began to run on July 17, 2018, following the expiration of the 90-day period to petition for *certiorari*. Thus, Petitioner had until July 19, 2019 to file this petition. As noted above, Petitioner placed this petition in the prison mailing system on October

---

[2] The Second Circuit has held that "[a] state court application or motion for collateral relief is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 217, (2002).

[3] Petitioner also asserts that he sent a *habeas corpus* petition to the Attorney General of New York on or about November 2019, for which he received no response. Sending a *habeas corpus* petition to the Attorney General without filing it in a court is generally not a basis for tolling.

20, 2020, more than one year and three months after the one-year statute of limitations period expired.

## C.      Show Cause

The Court grants Petitioner sixty days' leave to show cause why this application should not be denied as time-barred. Petitioner may do so using the attached declaration form. Should Petitioner decide to submit a declaration, he must allege facts showing why this petition should not be denied as time-barred.[4] Petitioner should allege any facts demonstrating that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition before the expiration of the statute of limitations on July 17, 2019. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Clerk of Court shall also dismiss New York State D.O.C.S, and substitute under Rule 21 of the Federal Rules of Civil Procedure, Superintendent of Green Haven Correctional Facility as Respondent.

Within sixty days of the date of this order, Petitioner must show cause why the petition should not be denied as time-barred. A declaration form is attached to this order. If Petitioner

---

[4] Petitioner should also include in the declaration a listing of (1) the dates that all postconviction applications in state court challenging this conviction were filed, including all motions under N.Y. C.P.L. § 440, and any other postconviction applications, (2) when any postconviction applications were decided, (3) the dates that any appeals or applications for leave to appeal from those decisions were filed, (4) when those appeals or applications were decided, and (5) when Petitioner received notice of any state court decisions on those applications and appeals. *See* 28 U.S.C. § 2244(d)(2).

timely files a declaration, the Court will review it, and if proper, will order that the petition be served on Respondent. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated:   January 26, 2021
         New York, New York

_____
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                    Signature

Name                                  Prison Identification # (if incarcerated)

Address                     City              State      Zip Code

Telephone Number (if available)       E-mail Address (if available)